

Timothy E. Di Domenico
Tel 212.801.2127
didomenicot@gtlaw.com

**MEMO ENDORSED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2021
```

March 31, 2021

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 443
New York, NY 10007

    Re:   *Hugh M. Rhoden, Sr. v. C.R. Bard, Inc. et al.*, Civ. No. 1:21-cv-01677-VEC

Dear Judge Caproni:

    On behalf of plaintiff Hugh M. Rhoden, Sr. ("Plaintiff") and defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (all, collectively, the "Parties") in the above-referenced matter (the "Action"), the Parties submit this joint letter to respectfully request a temporary stay of this case and all upcoming deadlines for a period of ninety (90) days to permit them to pursue negotiations of a settlement of this and all cases of Plaintiff's counsel recently remanded from *In re: Bard IVC Filters Products Liability Litigation,* MDL 2641 (the "MDL") pursuant to the MDL Court's February 11, 2021 Amended Suggestion of Remand and Transfer Order (Fifth) ("Fifth Remand Order").

    Plaintiff's counsel represents plaintiffs with cases in the MDL as well as cases that have been transferred or remanded from the MDL to courts across the country, involving claims against Bard for injuries they contend arise out of their use of Bard's inferior vena cava ("IVC") filters. Plaintiff's counsel and Defendants have previously settled in principle numerous cases in the MDL concerning Bard's IVC filters. The Parties reached a settlement in principle concerning the majority of the Plaintiff's counsel IVC filter cases and have finalized the details of that settlement with most of their clients. However, a small number of those plaintiffs "opted out" of the settlement. The cases remanded pursuant to the MDL's Fifth Remand Order included those cases that were previously dismissed but for which the MDL Court reinstated prior to remanding, since the plaintiff opted out of the settlement and a final settlement had not been reached. With respect to these cases, including this one, Counsel for the Parties have renewed discussions to achieve a settlement of the cases of these remaining plaintiffs represented by Plaintiff's counsel.

    The Parties believe that a stay is necessary in this case to conserve their resources and attention so that they may attempt to resolve it and the claims of other such plaintiffs represented

The Honorable Valerie E. Caproni
United States District Judge
United States District Court for the
Southern District of New York
March 31, 2021
Page 2

by Plaintiff's counsel that were recently remanded to district courts across the country. Counsel for the Parties believe that their resources are best directed to focusing their efforts on potential settlement discussions, especially given their past history of successful settlement discussions relating to cases in this MDL. Accordingly, the Parties jointly request that the Court enter a stay of discovery and all pretrial deadlines in this case for a period of ninety (90) days. If Plaintiff has not filed dismissal papers within ninety (90) days from the stay being granted, the Parties request the opportunity to file a joint status report regarding the status of the settlement.

This Court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing that the "[p]ower to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

Further, Federal Rules of Civil Procedure 26(c) and 26(d) also vest the Court with authority to grant a stay, limit the scope of discovery, or control its sequence, upon a showing of good cause and reasonableness. Facilitating the parties' efforts to resolve their dispute through continued settlement negotiations that began before this action was remanded to this Court is reasonable and constitutes good cause for granting the requested short-term stay. *See Sellick v. Consolidated Edison Company of New York, Inc.*, 15-CV-9082 (RJS), 2017 WL 1133443, at *2 (S.D.N.Y. Mar. 23, 2017) (noting Court granted stay of discovery "in order to facilitate settlement negotiations"). Several courts throughout the country (including judges in this District) have granted short-term stays in many IVC filter cases as the parties negotiate settlement.

Accordingly, the Parties respectfully request that the Court enter a stay of all activity in this case, for a period of ninety (90) days. If Plaintiff has not filed dismissal papers within ninety (90) days from the stay being granted, the Parties request the opportunity to file a joint status report regarding the status of the settlement.

Respectfully submitted,

*/s/ Timothy E. Di Domenico*

Timothy E. Di Domenico

cc:   David P. Matthews, Esq.
      Richard A. Freese, Esq.

Case 1:21-cv-01677-VEC   Document 17   Filed 03/31/21   Page 3 of 3

Application GRANTED.  This case is STAYED.  A joint update on the status of this case is due by **June 30, 2021.**

SO ORDERED.

*[signature: Valerie Caproni]*

3/31/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE